IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TERRY MORROW,                    :
                                 :
       Plaintiff,                :
                                 :
vs.                              :   CIVIL ACTION 09-0727-CG-M
                                 :
DR. BEN FREEMAN,                 :
                                 :
       Defendant.                :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed this § 1983 action.  This action was referred to the undersigned pursuant 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for Plaintiff's failure to prosecute and to obey the Court's Order (Doc. 9).

A prisoner is obligated to pay the $350.00 filing fee for filing a § 1983 action while he is incarcerated.  *Gay v. Texas Dept. of Corrections State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997); 28 U.S.C. § 1915(b)(1).  While Plaintiff was incarcerated, he filed a Motion to Proceed Without Prepayment of Fees (Doc. 5). Subsequently, Plaintiff notified the Court of a change in his address which indicated that he was no longer incarcerated (Doc. 8).  Because Plaintiff is still obligated to pay the $350.00 filing fee, *Gay*, 117 F.3d at 242, the Court ordered Plaintiff by March 10, 2010, to pay the $350.00 filing fee, or to file a new motion to proceed without prepayment of fees so the Court could

determine a payment schedule for paying the filing fee (Doc. 9).
Plaintiff was warned that his failure to comply with the Court's
Order within the prescribed time would result in the dismissal of
this action for failure to prosecute and to obey the Court's
Order. Plaintiff's copy of the Court's Order has not been
returned to the Court, nor has the Court, to date, heard from
Plaintiff since the Order was entered.

Due to Plaintiff's failure to comply with the Court's Order
and to prosecute this action, it appears that Plaintiff has
abandoned his action thereby subjecting it to dismissal pursuant
to the Court's inherent powers. *Link v. Wabash R.R.*, 370 U.S.
626, 630-31, 82 S.Ct. 1386, 1389-90, 8 L.Ed.2d 112 (1962) ("The
authority of a court to dismiss sua sponte for lack of
prosecution has generally been considered an 'inherent power'
governed not by rule or statute but by the control necessarily
vested in courts to manage their own affairs so as to achieved
the orderly and expeditious disposition of cases."); *Zocaras v.
Castro*, 465 F.3d 479, 483 (11th Cir.) (recognizing a district
court's inherent power to enforce orders and provide for the
efficient disposition of litigation), *cert denied,* 549 U.S. 1228
(2007); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th
Cir. 2002) (indicating that a prisoner's failure to pay the
partial filing fee under § 1915 is a basis for dismissal).

This inherent power is not restricted by Rule 41(b) of the

2

Federal Rules of Civil Procedure, which also authorizes the
dismissal of an action as a sanction where there is "a clear
record of willful conduct and a finding that lesser sanctions are
inadequate." *Zocaras,* 465 F.3d at 483; *see generally Betty K
Agencies, Ltd. v. M/V Monada,* 432 F.3d 1333, 1337-38 (11th Cir.
2005) (discussing dismissals pursuant to the court's inherent
power and dismissals based on Rule 41(b) of the Federal Rules of
Civil Procedure, and concluding that a dismissal *with prejudice*
requires findings of contumacious conduct and that lesser
sanctions will not suffice).

Thus, this action may be dismissed under Rule 41(b) as well
because Plaintiff's conduct of failing to respond to the Court's
Order, after previously notifying the Court of his "free world"
address where the Court's Order was sent and was not returned by
postal authorities, is willful conduct warranting the imposition
of sanctions.  In considering the sanctions that will address
this conduct, and in light of the facts that Plaintiff filed
twenty-four actions from July 15, 2009, to December 10, 2009,
while he was a prisoner and that after his release from prison
his situation more than likely is impecunious, a sanction less
than dismissal would not address Plaintiff's conduct and be
effective.  *Malautea v. Suzki Motor Co.,* 987 F.2d 1536 (11th Cir.
1993) (finding that bad faith and intransigence could not be
remedied by a sanction less than dismissal or default judgment).

3

Accordingly, it is recommended that this action be dismissed without prejudice.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.

4

Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 12th day of March, 2010.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE